```
                 UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDALL V. HOLT, II,            : CIVIL NO: 1:11-CV-00786
                                :
          Plaintiff             :
                                : (Judge Rambo)
     v.                         :
                                : (Magistrate Judge Smyser)
BRIAN BLEDSOE, et al.,          :
                                :
          Defendants            :
```

**REPORT AND RECOMMENDATION**

The plaintiff was assaulted and severely injured in prison by members of his former gang. He claims that the defendants failed to take measures to protect him. But the amended complaint fails to plead facts from which it can reasonably be inferred that eighteen of the twenty-three defendants were deliberately indifferent to a substantial risk to the plaintiff. Thus, we recommend that those eighteen defendants be dismissed from the case.

I. Background and Procedural History.

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint. The plaintiff

also filed an application to proceed *in forma pauperis* and a motion for the appointment of counsel.

We reviewed the complaint as required by 28 U.S.C. § 1915A, and we determined that the complaint fails to state a claim upon which relief may be granted.  We granted the plaintiff's application for leave to proceed *in forma pauperis* and denied his motion for the appointment of counsel.  We also ordered that the plaintiff may file an amended complaint.

On May 25, 2011, the plaintiff filed an amended complaint.  The amended complaint named twenty-two officials or officers of the United States Penitentiary at Lewisburg and one officer at the United States Penitentiary at Terre Haute, Indiana, as defendants.

The plaintiff alleges the following facts in his amended complaint.

The plaintiff was a member of a gang known as the Aryan Resistance Militia (ARM).  In April of 2009 he left ARM.  The day after he left ARM, defendant Howard, the Special Investigations Supervisor at USP Terre Haute, asked the

2

plaintiff if it was true that he had left ARM. After the plaintiff confirmed that it was true, defendant Howard asked him if he was in any trouble or danger. The plaintiff told Howard that he did not know whether he was in danger.

Three months went by without incident. Then a high-ranking member of ARM asked the plaintiff to assist in getting rid of an inmate who was a child molester. The plaintiff agreed and assaulted the inmate.

After the assault, the plaintiff was transferred to the Special Management Unit (SMU) at USP Lewisburg. Upon the plaintiff's arrival at USP Lewisburg, the Special Investigations Office interviewed him and asked him among other things if he was a member of a gang. He responded that he was an ARM "dropout." An officer told the plaintiff that it is dangerous to tell people that he is a dropout.

On August 19, 2009, the plaintiff was placed in a recreation cage with four ARM members. There were two more ARM members in the adjacent recreation cage. Those two ARM members called the plaintiff over and asked him questions about what

was going on at USP Terre Haute. The four ARM members in the plaintiff's cage were listening. The plaintiff gave them a brief rundown about events at USP Terre Haute and then made them aware of his status with ARM. He told them that one of the main reasons he had left ARM was because its members in Terre Haute were using heroin. A few of the ARM members in the plaintiff's cage admitted using drugs. The plaintiff then asked them if they were aware that ARM bylaws did not permit drug use. They responded that it was cool as long as nothing came of it. The plaintiff disagreed. One of the ARM members asked the plaintiff if he would rejoin ARM if the drug use was taken care of. The plaintiff responded that he would not. Nobody made an issue out of it and everyone went about their business.

The next day, however, the plaintiff was placed in the recreation cage with the same ARM members. The ARM inmates beat the plaintiff and stabbed him sixteen times. The plaintiff was severely injured and was in the hospital for five days.

4

The plaintiff then returned to USP Lewisburg where he was eventually questioned about the assault. He was asked if he knew why he was stabbed and who had ordered the hit. He said that he did not. He was then shown a video of the assault. He was also shown a recording of another former ARM member telling him to assist the officers and to answer their questions. The plaintiff then told the officers what his rank was in ARM, why he had left ARM and that he had been in ARM for only a few years. He then stated that USP Terre Haute knew about his dropout status as did the Special Investigations Office at USP Lewisburg.

The plaintiff was told that he might be transferred to "state placement" because of the threat to his safety. The paperwork for state placement was completed, but such placement was subsequently denied.

The plaintiff graduated from the SMU program at USP Lewisburg on January 1, 2011. On January 13, 2011, he was designated to another USP to start the process over again. He asserts that his safety is not being taken seriously.

5

Inmate-on-inmate violence is common and uncontrolled at USP Lewisburg.  Gang dropouts are known to be targeted by the gang that they drop out of and also by other gangs.

The plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.*  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint

6

has to "show" such an entitlement with its facts." *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

7

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the amended complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

We construe the amended complaint as asserting *Bivens*[1] claims against the defendants based on the Eighth Amendment.

---

1. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

8

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Prison officials and employees may be liable for failure to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate. *Id*. at 834. To plead a viable Eighth Amendment failure to protect claim a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).

The Eighth Amendment deliberate indifference standard is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

9

Liability in a *Bivens* action may not be based on *respondeat superior*. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, *supra,* 129 S.Ct. at 1948. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949.

The plaintiff alleges the job title of each defendant and a general description of their job duties. He also alleges that each defendant should have taken precautions to ensure his safety but that they failed to do so. As a result, he alleges, he was assaulted by the ARM members.

As to many of the defendants, however, the plaintiff does not allege that they were actually aware of his status as a former ARM member. Thus, he has not alleged facts from which it can reasonably be inferred that those defendants knew of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

As to defendants Bledsoe, Heath, Drees, Rear, Fosnot, Maiorana, Adami, Rodamell, Hepner and Unknown SIS Officer, the plaintiff alleges that their offices were made aware of his status as a former gang member. But he has not alleged that those defendants themselves were actually aware of his status as a former gang member. To plead deliberate indifference, it is not enough to plead that the defendants should have been aware of the fact. Rather, the plaintiff must plead facts from which it can reasonably be inferred that they actually were aware of the fact. Also, because there is no *respondeat superior* liability in a *Bivens* action, the defendants can not be liable for a violation of the Eighth Amendment by members of their offices. Because the amended complaint does not allege facts from which it can reasonably be inferred that defendants Bledsoe, Heath, Drees, Rear, Fosnot, Maiorana, Adami, Rodamell,

11

Hepner and Unknown SIS Officer knew of a substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it, it fails to state an Eighth Amendment claim upon which relief may be granted against those defendants.

As to defendants Murray, Yost, Edinger, Campbell, Yohe, Loss, Hornberger and Unknown Recreation Escort Officer, the plaintiff alleges that they had a duty to perform patdown searches and accurately use a handheld metal detector so that no homemade knives or weapons could be sneaked into the recreation cages. He alleges that they failed in that regard and, as a result, he was assaulted. Here again the plaintiff has not alleged that those defendants were actually aware of his status as a former gang member. Nor has he alleged that those defendants were aware that the ARM gang members had weapons. Thus, the amended complaint does not allege facts from which it can reasonably be inferred that those defendants knew of a substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it. Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted against

12

defendants Murray, Yost, Edinger, Campbell, Yohe, Loss, Hornberger and Unknown Recreation Escort Officer.

By contrast, the plaintiff does allege that some of the defendants were aware of his status as a former ARM member and that in various ways they failed in their duty to protect him. As to these defendants - defendants Howard, Dunkleberger, Flemming, Crawford and Unknown Number One Z-Block Officer - we conclude that the amended complaint states an Eighth Amendment claim upon which relief may be granted. By a separate Order, we have ordered that the complaint be served on these defendants.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In this case, the plaintiff was already granted leave to amend. Further amendment would be futile.

13

IV. Recommendations.

Because the amended complaint fails to state a claim upon which relief may be granted against these defendants, it is recommended that defendants Bledsoe, Heath, Drees, Rear, Fosnot, Maiorana, Adami, Rodamell, Hepner, Unknown SIS Officer, Murray, Yost, Edinger, Campbell, Yohe, Loss, Hornberger and Unknown Recreation Escort Officer be dismissed. It is further recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 3, 2011.

14